VERNON A. NELSON, JR., ESQ.
Arizona Bar No.: 030795
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV   89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Aaron McCabe*

UNITED STATES DISTRICT COURT

STATE OF ARIZONA

| | |
|---|---|
| AARON McCABE,<br><br>Plaintiff,<br><br>v.<br><br>ICON CREDIT UNION; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT 15 § 1681, ET SEQ. AND RELATED STATE LAWS**<br><br>**AND JURY DEMAND** |

Plaintiff, ("Plaintiff"), by and through his attorney of record, Vernon Nelson, Esq. of the Law Office of Vernon Nelson, and for his claims for relief against Defendants, Icon Credit Union, and Experian, Inc. complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA") and related State Law Claims.

2.      This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3.      Venue in this District is proper because Plaintiff resides in the District of Arizona, the Plaintiff and Defendants conducted business in the District of Arizona, and the Plaintiff's claims arose from the acts of the Defendants perpetrated therein.

1

## PARTIES

4. Plaintiff is an adult individual who resides in the State of Arizona and Plaintiff is a "consumer" as defined by Section 1681a (c) of the FCRA.

5. Icon Credit Union ("Icon") is a state-chartered credit union headquartered in Boise Idaho. Icon is a furnisher of information, who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about "Consumer Credit;" including, consumer transactions or experiences with any consumer. The information regarding Consumer Credit is subsequently maintained and reported by the credit reporting companies to third parties associated with Plaintiffs. Icon is subject to the FCRA.

6. Experian, Inc. ("Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d). Experian disburses consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

7. Plaintiff repeats the allegations set forth in paragraphs 1-6 as if fully set forth herein.

8. Plaintiff filed for Chapter 7 Bankruptcy in May of 2014. The Court approved his discharge (the "Plaintiff's Bankruptcy").

9. The Plaintiff had a loan/account with Icon. The loan/account was identified as account # 420231100980XXXX (the "Icon Account"). The Account was discharged as part of Plaintiff's Bankruptcy. Notwithstanding the discharge, Icon has wrongfully reported the Icon Account to Experian as a "charge-off account;" and it has wrongfully made two negative reports in August of 2014 and September of 2014.

10. The Plaintiff provided written notice to Icon that its reporting of the Icon Account was inaccurate, misleading, and wrongful. However, Icon knowingly and wrongfully continued to report the Icon Account inaccurately. Moreover, Icon failed to adequately investigate Plaintiff's dispute and it failed to evaluate or consider any of Plaintiff's information, claims, or evidence.

Icon never informed Plaintiff of the results of any investigation of Plaintiff's dispute.

11. The Plaintiff also provided written notice to credit reporting agencies that Icon's reporting of the Icon Account was inaccurate, misleading, and wrongful. Plaintiff understands that Icon was notified by credit reporting agencies that Plaintiff disputed Icon's wrongful, misleading, and inaccurate reporting. Nevertheless, Icon knowingly and wrongfully continued to report the Icon Account inaccurately and it failed to adequately investigate Plaintiff's dispute. Icon failed to evaluate or consider any of Plaintiff's information, claims, or evidence and it did not make any reasonable attempt to verify the disputed reporting of the Icon Account. Moreover, Icon failed to: (1) notify Plaintiff that Icon had provided information about the Icon Account to credit reporting agencies; and (2) notify Plaintiff of the results of Icon's investigation of Plaintiff's dispute.

12. As part of its duties as a credit reporting agency, Experian knew, or should have known that the Icon Account was discharged as part of Plaintiff's Bankruptcy. However, Experian continued to report the Icon Account inaccurately. The Plaintiff provided written notice of Icon's wrongful reporting to Experian. Nevertheless, Experian permitted the wrongful reporting to continue, and it failed to adequately investigate Plaintiff's dispute.

13. Plaintiff notified Experian that he disputed Icon's wrongful, inaccurate, and misleading reporting of the Icon Account. Plaintiff understands that Experian notified Icon that Plaintiff disputed Icon's wrongful, inaccurate, and misleading reporting of the loan. Plaintiff provided Experian with substantial supporting information that demonstrates that Icon's reporting of Icon Account is wholly inaccurate.

14. Despite the substantial supporting information provided by Plaintiff, Experian continues to Icon Loan inaccurately.

15. Experian's continued knowing, wrongful, inaccurate, and misleading reporting of the Icon Account demonstrates that it failed to evaluate or consider any of Plaintiff's information, claims, or evidence and it did not make any reasonable attempt to verify the disputed reporting of the Icon Account. Experian's conduct also demonstrates that it failed to adequately investigate Plaintiff's dispute. Moreover, Experian has failed to indicate that Plaintiff disputes the reporting

of the Icon Account.

16. The actions of Icon as described in paragraphs 9-11 above constitute numerous, repeated, and intentional violations of the FCRA.

17. The actions of Experian as described in Paragraphs 12-15 above constitute numerous, repeated, and intentional violations of the FCRA.

18. As a result of Defendants' violations of the FCRA, Plaintiff incurred significant damages, including attorney's fees and costs to prosecute this matter.

19. The Defendants' violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to his credit history and reputation.

20. In addition, the Plaintiff has incurred substantial attorney's fees.

21. The actions of Defendants were committed by other persons or entities employed by Icon (collectively the "Icon Parties") and Experian (collectively the "Experian Parties"). The actions of the Icon Parties and Experian Parties were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by the Defendants.

22. The actions of Defendants were committed in their capacity as agents of their principal. The actions of Icon and Experian were committed within the scope and authority granted by their principals and were motivated to benefit their principals.

23. Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the unlawful actions of their employees, including but not limited to violations of the FCRA and the laws of the State of Arizona.

## **FIRST CLAIM FOR RELIEF**

### **Violations of FCRA against Experian**

24. Plaintiff repeats the allegations in paragraphs 1-23 as if fully set forth herein.

25. Experian violated the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning plaintiff.

26. Experian violated the FCRA by failing to delete or correct the aforementioned inaccurate information in plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Icon, by failing to maintain reasonable procedures with which to filter and verify disputed information in plaintiff's credit file, and by relying upon verification from a source each has reason to know is unreliable.

27. Experian violated the FCRA by failing to update Plaintiff's credit report to reflect that Plaintiff disputed Icon's reporting of the Icon Account.

28. As a direct and proximate result of this conduct, action, and inaction of Experian, plaintiff suffered, and continues to suffer, damage by loss of credit, loss of the ability to purchase and benefit from credit, as well as credit denials.

29. As a direct and proximate result of the above-referenced violations by Experian, plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter. In addition, Plaintiff is entitled to recover costs and attorneys' fees from Experian.

30. Plaintiff may have suffered damages in other ways and to other extents not presently known to plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### Violations of FCRA against Icon

31. Plaintiff repeats the allegations in paragraphs 1-30 as if fully set forth herein.

32. Icon is a "furnisher" of credit information to credit reporting companies and has responsibilities as a furnisher of information to consumer reporting agencies under the FCRA. The actions of Icon as described in paragraphs 8-13 above constitute numerous, repeated, and intentional violations of the FCRA.

33. Icon knowingly violated the FCRA by reporting, and continuing to report wrongful, inaccurate, and misleading information to Experian regarding the Icon Account.

34. Icon knowingly violated the FCRA by failing to establish or follow reasonable procedures to assure the accuracy of the information that it reports to credit agencies.

35. Icon failed to adequately investigate Plaintiff's dispute. Icon failed to evaluate or consider any of Plaintiff's information, claims, or evidence. Moreover, Icon failed to: (1) notify Plaintiff that Icon had provided information about the Icon Account to credit reporting agencies; and (2) notify Plaintiff of the results of Icon's investigation of Plaintiff's dispute

36. Icon knowingly violated the FCRA by failing to delete or correct the aforementioned inaccurate information that it reported to Experian about the Icon Account.

37. Icon knowingly violated the FCRA by failing to report to Experian that Plaintiff disputed Icon's reporting of the Icon Account.

38. As a direct and proximate result of the conduct, action, and inaction of Icon, plaintiff suffered, and continues to suffer, damage by loss of credit, loss of the ability to purchase and benefit from credit, as well as credit denials.

39. As a direct and proximate result of the above-referenced violations by Icon, plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter. In addition, Plaintiff is entitled to recover costs and attorneys' fees from Icon.

40. Plaintiff may have suffered damages in other ways and to other extents not presently known to plaintiff, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

### THIRD CLAIM FOR RELIEF

**Violation of A.R.S. § 44-1522(A) et seq. Consumer Fraud Act**

**Against Icon and Experian**

41. Plaintiff repeats and re-alleges Paragraphs 1 through 40.

42. Plaintiff is a "consumer" pursuant to A.R.S. § 44-1522(A) et seq.

43. Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive credit reporting activities in violation of A.R.S.

§ 44-1522(A) et seq.

44. Plaintiff has suffered and continues to suffer damages as a result of the Defendants' unfair and deceptive acts and conduct. Plaintiffs are entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by A.R.S. § 44-1522(A) et seq.

WHEREFORE Plaintiff prays for judgment against Defendants for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 20th day of September, 2016
          THE LAW OFFICE OF VERNON NELSON

          By:  */s/ Vernon Nelson*
             VERNON NELSON, ESQ.
             Arizona Bar No.: 030795
             9480 S. Eastern Avenue, Suite 244
             Las Vegas, NV 89123
             Tel: 702-476-2500
             Fax: 702-476-2788
             E-Mail: vnelson@nelsonlawfirmlv.com
             *Attorney for Aaron McCabe*